Case 7:23-cv-00339   Document 22   Filed on 04/24/24 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
April 24, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| Cassandra Whitaker, §<br>as Putative Representative of §<br>the Estate of Nashyra Whitaker, §<br>　*Plaintiff,* §<br>§<br>v. §<br>§<br>Bianca Farmer, et al., §<br>　*Defendants.* § | Civil Action M-23-339 |

### MEMORANDUM AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 4. Pending before the court is Defendant United States of America's Motion to Dismiss and/or Alternatively for Summary Judgment. ECF No. 9. The court recommends that the motion to dismiss be **GRANTED**.

### *1. Background*

This case arises from an automobile accident resulting in the death of Nashyra Whitaker (Nashyra). Pl.'s 2d Am. Pet., ECF No. 1-18 at 5. Plaintiff Cassandra Whitaker (Cassandra), Nashyra's mother, alleges that on September 5, 2021, Nashyra and Defendant Bianca Farmer, both employees of the United States Army, "[w]hile in the course and scope of their work . . . visited the Gallery Social Lounge" where Farmer drank alcohol to excess. *Id.* Nashyra and Farmer left the bar at about 2:00 a.m. *Id.* Farmer drove a vehicle rented to the Army by Defendant EAN Holdings, LLC with Nashyra as the passenger. *Id.* Farmer lost control of the vehicle and collided with two light poles. *Id.* at 5–6. Nashyra died from the collision. *Id.*

Cassandra brought claims against several defendants for negligence and violations of the Dram Shop Act. *See* ECF No. 1-18

at 6–10. She sued the United States under the Federal Tort Claims Act (FTCA), alleging that that the Government is liable for Farmer's negligence because Farmer had the Government's permission to "drive its 'on-base vehicle'" and was acting within the scope of her employment when the accident occurred. *Id.*

The Government has moved to dismiss under Rule 12(b)(1) and Rule 12(b)(6) arguing that: (1) Cassandra did not file a proper administrative claim with the Government prior to filing this lawsuit; and (2) Farmer was not acting within the scope of her employment when the accident occurred. ECF No. 9 at 6–11. The Government argues that the United States' waiver of sovereign immunity under the Federal Tort Claims Act (FTCA) is inapplicable, and the court lacks subject matter jurisdiction. *Id.* The Government moves in the alternative for summary judgment.

As will be discussed below, the court employs the standard of review under Rule 12(b)(6) and finds that Cassandra has not plausibly alleged that Farmer was acting within the scope of her employment when the accident occurred. Therefore, Cassandra has not stated a claim under the FTCA, and the court recommends that Cassandra's claims against the government be dismissed with prejudice. The court need not address the Government's argument that Cassandra did not exhaust administrative remedies.

## 2. *Legal Standards*

### A. *The Merits and Jurisdiction are Intertwined*

"[T]he United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued." *Hebert v. United States*, 438 F.3d 483, 487 (5th Cir. 2006) (alteration in original) (quoting *Smith v. Booth*, 823 F.3d 94, 96 (5th Cir. 1987)). "Sovereign immunity protects the United States from liability[] and deprives the court of subject matter jurisdiction over the claims against it." *Id.* (citing *United*

2

*States v. Mitchell*, 463 U.S. 206, 212 (1983)). The United States has waived its immunity via the FTCA, which allows plaintiffs to sue the United States when they are injured by a government employee acting within the scope of their office or employment. 28 U.S.C. § 2679(b)(1).

The Government argues that the FTCA does not apply in this case because Farmer was not acting within the scope of her employment at the time of the accident. ECF No. 9 at 6–11. This argument amounts to an attack on both the merits of Cassandra's FTCA claim as well as the court's subject matter jurisdiction. *See Montez v. Dep't of the Navy*, 392 F.3d 147, 151 (5th Cir. 2004). "In circumstances where 'the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case' under either Rule 12(b)(6) or Rule 56." *Id.* at 150. Rule 12(b)(1) is not the proper vehicle for resolving the issue. *Id.*

The government has moved for summary judgment and to dismiss pursuant to Rule 12(b)(6). The court resolves this matter under the Rule 12(b)(6) standard.

### B. Rule 12(b)(6)

Under Rule 12(b)(6), the court determines whether the plaintiff's complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Calogero v. Shows, Cali & Walsh, L.L.P.*, 970 F.3d 576, 580 (5th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Courts accept "all well-pleaded facts as true" and "view[] them in the light most favorable to the plaintiff."

3

*Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 177 (5th Cir. 2018) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

### C. Acting in the Course and Scope of Employment under the FTCA

The FTCA permits suit against the United States when the negligence of a government employee who is "acting within the scope of his office or employment" results in death or personal injury. 28 U.S.C. § 2679(b)(1). "[W]hether a particular federal employee was or was not acting within the scope of his employment is controlled by the law of the state in which the negligent or wrongful conduct occurred." *Garcia v. United States*, 62 F.3d 126, 127 (5th Cir. 1995). The subject accident occurred in Texas, so Texas law applies.

In Texas, an employee acts within the scope of his employment when the act: (1) falls within the scope of the employee's general authority; (2) furthers the employer's business; and (3) is for the accomplishment of the object for which the employee was hired. *Smollen v. United States*, 46 F.3d 65, at *3 (5th Cir. 1995) (citing *Leadon v. Kimbrough Bros. Lumber Co.*, 484 S.W.2d 567, 569 (Tex. 1972)).

### 3. Analysis

Cassandra's live state court petition makes the conclusory allegation that, at the time of the accident, Farmer "was acting within the scope of her employment" and that she "had permission from her employer, [the] United States Army . . . to drive its 'on-base vehicle.'" ECF No. 1-18 at 7. She also alleges that, on the

4

night of the accident, Nashyra and Farmer "visited the Gallery Social Lounge" where "Farmer was served alcohol in excess, as provided to her by Defendant Gallery Social Lounge's staff." *Id.* at 5. At about 2:00 am on September 5, 2021, the two decided to return to their hotel. *Id.* Farmer drove with Nashyra as the passenger. *Id.* at 5–6. Farmer "was extremely impaired and intoxicated" and collided with a light pole, resulting in Nashyra's death. *Id.*

Assuming that the above facts are true and viewing them in the light most favorable to Cassandra, as Rule 12(b)(6) commands, the facts do not raise Cassandra's right to relief above the speculative level. Based on the facts alleged, it simply is not plausible that Farmer was acting within the scope of her employment with the United States Army. There are no facts to suggest that going to a bar and drinking to excess at 2:00 a.m. was within Farmer's general authority. It is also not plausible that drinking off base in the middle of the night would further the United States Army's business or any object for which Farmer was hired. *Cf. Weaver v. U.S. Coast Guard*, 857 F. Supp. 539, 544–48 (S.D. Tex. 1994) (holding that, despite the government's general authority over coast guardsman's conduct in his personal affairs, he was not acting within the scope of his employment when he, while off base on liberty, consumed excessive amounts of alcohol and caused an automobile collision).

In her response to the government's motion Cassandra does not present any further allegations or argument to show that Farmer was acting within the scope of her employment. Instead, the response states, in conclusory fashion, that "Defendant may believe relief made or the claims are not legally sufficient; however, the Plaintiff's claim does not hinge upon the likelihood of recovery. Simply stated, at this time there is a genuine issue of fact as to whether [Farmer] was in the course and scope of her duties[.]"

ECF No. 13 at 5. Cassandra's response also requests the opportunity to conduct discovery "as the pleadings provide a genuine issue of fact in regards to the dismissal of the FTCA for the course and scope of employment." *Id.* The court disagrees. The court has assumed that the facts alleged in Cassandra's pleadings are true. The facts alleged simply do not allow the plausible inference that Farmer was acting in the scope of her employment. Accordingly, the Government's motion should be granted, and Cassandra's claims against the Government should be dismissed with prejudice.

### 4. *Conclusion*

For the foregoing reasons, the court recommends that the Government's Motion to Dismiss, ECF No. 9, be **GRANTED**.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on April 24, 2024.

Peter Bray
United States Magistrate Judge