United States District Court
Southern District of Texas
**ENTERED**
May 28, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

Cassandra Whitaker, §
as Putative Representative of §
the Estate of Nashyra Whitaker, §
*Plaintiff*, §
§
v. § Civil Action M-23-339
§
Bianca Farmer, et al., §
*Defendants*. §

# MEMORANDUM AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 4. Pending before the court is Defendant EAN Holdings, LLC's Motion to Dismiss Plaintiff's Claims Pursuant to Rule 12(b)(6), ECF No. 17. Plaintiff did not file a response. The court recommends that the motion to dismiss be **GRANTED**.

## *1. Background*

This case arises from an automobile accident resulting in the death of Nashyra Whitaker (Nashyra). Pl.'s 2d Am. Pet., ECF No. 1-18 at 5. Plaintiff Cassandra Whitaker (Cassandra), Nashyra's mother, alleges that on September 5, 2021, Nashyra and Defendant Bianca Farmer, both employees of the United States Army, "[w]hile in the course and scope of their work . . . visited the Gallery Social Lounge" where Farmer drank alcohol to excess. *Id.* Nashyra and Farmer left the bar at about 2:00 a.m. *Id.* Farmer drove a vehicle rented to the Army by Defendant EAN Holdings, LLC with Nashyra as the passenger. *Id.* Farmer lost control of the vehicle and collided with two light poles. *Id.* at 5–6. Nashyra died from the collision. *Id.*

Among others, Cassandra sued EAN Holdings for negligent entrustment, asserting that "as the provider of the vehicle used in the collision," EAN Holdings is liable because it "entrusted [its] vehicle to [Farmer], whom [EAN Holdings] knew or should have known to be reckless." ECF No. 1-18 at 8. Cassandra concludes that "Farmer was the negligent driver who was the cause of the collision . . . and a proximate cause of Plaintiff's injuries. Therefore, [EAN Holdings] is liable for negligent entrustment of [its] vehicle" to Farmer. *Id.*

EAN Holdings moved to dismiss under Rule 12(b)(6) arguing that Cassandra's allegations against it are conclusory and thus do not state a claim upon which relief can be granted. EAN also argues that federal law precludes a car rental company from being held liable for a rental driver's negligence absent a showing that the rental company was itself negligent. EAN further argues that, under Texas law, the owner of a rental car owes no duty under any theory of negligence for a driver who is not on the rental agreement. Cassandra did not respond to the motion. Because EAN's first argument is dispositive, the court will not address the latter two arguments.

### 2. *Legal Standards*

#### A. *Failure to Respond*

In the Southern District of Texas, a failure to timely respond to a motion is taken as a representation of no opposition. S.D. Tex. L.R. 7.4. However, a dispositive motion should not be granted simply because because there is no opposition, even if failure to oppose violated a local rule. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995). Instead, the court may accept the unopposed facts set forth in the motion as undisputed. *See Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988) (affirming the district court's acceptance of the facts in support of the defendant's summary judgment motion as undisputed, where the plaintiff

made no opposition to the motion); *Smith v. AZZ Inc.*, No. 20-cv-375-P, 2021 WL 1102095, at *1–3 (N.D. Tex. Mar. 23, 2021) (citing *Eversley*, 843 F.2d at 174) (taking as true the facts set forth in the moving party's motion for summary judgment).

***B. Rule 12(b)(6)***

Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Generally, the court is constrained to the "four corners of the complaint" to determine whether the plaintiff has stated a claim. *Morgan v. Swanson*, 659 F.3d 359, 401 (5th Cir. 2011); *see also Loofbourrow v. Comm'r*, 208 F. Supp. 2d 698, 708 (S.D. Tex. 2002) ("the court may not look beyond the four corners of the plaintiff's pleadings."). In considering a motion to dismiss, the court must limit itself to: (1) the facts in the complaint; (2) documents attached to the complaint; and (3) matters of which the court may take judicial notice. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). However, the court has discretion to consider "any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Such documents are considered part of the pleadings. *See Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

Under Rule 12(b)(6), the court determines whether the plaintiff's complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Calogero v. Shows, Cali & Walsh, L.L.P.*, 970 F.3d 576, 580 (5th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The plausibility standard is not akin to a

'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Ultimately, the "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted).

Courts accept "all well-pleaded facts as true" and "view[] them in the light most favorable to the plaintiff." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 177 (5th Cir. 2018) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). "A plaintiff need only plausibly allege facts going to the ultimate elements of the claim to survive a motion to dismiss." *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 768 (5th Cir. 2019). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable[.]" *Id.* at 556.

Only statements of *fact* are to be taken as true. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Conclusory allegations are "disentitled . . . to the presumption of truth." *Iqbal*, 566 U.S. at 681. Thus, the court, in reviewing the plaintiff's complaint, may neither "accept conclusory allegations" nor "strain to find inferences favorable to the plaintiffs." *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).

***C. Negligent Entrustment***

A plaintiff asserting a negligent entrustment claim must show: "(1) entrustment of a vehicle by the owner; (2) to an unlicensed, incompetent, or reckless driver; (3) that the owner knew or should have known to be unlicensed, [incompetent, or reckless,] (4) that the driver was negligent on the occasion in

question and (5) that the driver's negligence proximately caused the accident." *Wright v. Weaver*, 516 F. App'x 306, 309 (5th Cir. 2013) (alteration in original) (quoting *Schneider v. Esperanza Transmission Co.*, 744 S.W.2d 595, 596 (Tex. 1987); *see also Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 758 (Tex. 2007) (stating elements of claim and citing *Schneider*).

***3. Analysis***

Under the two-step inquiry outlined in *Iqbal*, the court first identifies and disregards conclusory allegations. *Iqbal*, 556 U.S. at 664. Legal conclusions, or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not entitled the assumption of truth. *Id.* at 678. Neither "unsupported conclusions . . . of mixed fact and law" nor "unwarranted deductions" are acceptable. *Southland Sec.*, 365 F.3d at 361; *Stanton v. United States*, 434 F.2d 1273, 1276 (5th Cir. 1970). Second, the court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Iqbal*, 556 U.S. at 664. The court may not "strain to find inferences favorable to the plaintiffs." *Southland Sec.*, 365 F.3d at 361.

As to the first element, EAN Holdings argues that it did not entrust the vehicle to Farmer. Cassandra asserts that "EAN Holdings . . . entrusted [its] vehicle to Defendant Bianca Farmer[.]" ECF No. 1-18 at 8. This statement is conclusory and is not supported by any facts. In a somewhat conflicting statement, Cassandra alleges that Farmer and Nashyra were "in a *United States Army vehicle* through EAN Holdings" and that "The vehicle driven by . . . Farmer was a car rented from . . . EAN Holdings." ECF No. 1-18 at 5 (emphasis added). The live pleading is therefore less than clear about the identity of the renter. In any event, because the complaint establishes the fact that the car was rented, and because that would necessarily imply the existence of a rental

agreement, the court will consider the rental agreement attached to EAN Holdings' motion. ECF Nos. 17-1, 17-2. The car rental agreements confirm EAN Holdings' argument that it did not rent or entrust its vehicle to Farmer. Both rental agreement summaries list Austin Hazelrig as the renter—not Bianca Farmer. ECF No. 17-1 at 1; ECF No. 17-2 at 1. Accordingly, Cassandra has not plausibly alleged facts showing that EAN Holdings' entrusted its vehicle to Farmer.

As to the second and third elements of the claim—that EAN Holdings knew or should have known that Farmer was an unlicensed, incompetent, or reckless driver—Cassandra has pleaded only conclusory allegations that must be disregarded. Cassandra's petition states only that EAN Holdings "knew or should have known [Farmer] to be reckless." ECF No. 1-18 at 8. Cassandra does not allege any facts demonstrating that Farmer was an unlicensed driver or that she was an incompetent or reckless driver. Cassandra only alleges that, on this occasion, Farmer "was the negligent driver who was the cause of the collision in question." ECF No. 1-18 at 8. Cassandra does not allege facts relating to EAN Holdings' knowledge of Farmer's incompetence, which "generally involves 'evidence of previous traffic violations, previous habits or intemperance in efforts to establish incompetence of recklessness in negligent entrustment cases.'" *Goldfarb v. Elite Service Recovery & Towing, LLC*, Civil No. 6:17-CV-640-RWS-KNM, 2018 WL 4677817, at *3 (E.D. Tex. Aug. 17, 2018) (finding that plaintiff failed to allege facts regarding defendant's knowledge of driver's incompetence and granting dismissal). Cassandra has not alleged facts sufficient to demonstrate Farmer's incompetence, recklessness, or intemperance. *See Revisore v. West*, 450 S.W.2d 361, 364 (Tex. Civ. App. 1970, no writ) ("An entrustment may be deemed negligent where an entrustee is physically or mentally incapacitated,

intoxicated or for any reason lacking in judgment or perception. In such instances knowledge of the entrustor of the incompetency or recklessness of the driver is apparent."). For these reasons, Cassandra has not stated a negligent entrustment claim against EAN Holdings, and the motion to dismiss should be granted.

***4. Leave to Amend is Denied***

"Dismissing an action after giving the plaintiff only one opportunity to state his case is ordinarily unjustified." *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014) (quoting *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986)). If the plaintiff seeks leave to amend, she "must give the court at least some notice of what . . . her amendments would be and how those amendments would cure the initial complaint's defects." *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (citation omitted). The court may deny leave "[i]f the plaintiff does not provide a copy of the amended complaint [or] explain how the defects could be cured[.]" *Id.* (citation omitted). The court may also deny leave to amend when amendment would be futile or when the plaintiff chooses to stand on her complaint and argues that it satisfies the pleading requirements. *See Khoury v. Thota*, No. 20-20578, 2021 WL 3919248, at *4 (5th Cir. 2021) (affirming the district court's denial of leave to amend when the plaintiff chose to stand on his complaint and argued that it satisfied the pleading requirements); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (discussing futility of amendment as justification for denying leave to amend).

Here, Cassandra amended her petition twice before removal. She did not respond to the motion to dismiss or otherwise request leave to amend her pleading. Cassandra has not provided a copy of any proposed amended complaint or identified facts that could be added to her complaint to cure its deficiencies. Therefore, leave to amend with respect to EAN Holdings is denied.

### *5. Conclusion*

For the foregoing reasons, the court recommends that the Government's Motion to Dismiss, ECF No. 9, be **GRANTED**.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on May 28, 2024.

Peter Bray
United States Magistrate Judge