United States District Court
Southern District of Texas
**ENTERED**
March 12, 2025
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | | |
|---|---|---|
| Cassandra Whitaker, as Putative Representative of The Estate of Nashyra Whitaker, *Plaintiff*, | § § § § § | |
| v. | § § | Civil Action M-23-339 |
| Bianca Farmer, et al., *Defendants*. | § § § | |

## ORDER

Plaintiff has filed another motion seeking Default Judgment Against Adriana Trevino, All Square Inc., Issac V. Garcia, and IZK LLC. ECF No. 64. The pending motion appears to suffer from many of the same defects as the first Motion for Judgment, ECF No. 57, which the court denied.

As the court explained in the first Order denying default judgment, ECF No. 59, a motion for default judgment requires the court to determine: "(1) if default judgment is procedurally appropriate; (2) if plaintiff has presented a colorable claim; and (3) how to calculate damages." *Vela v. M&G USA Corp.*, No. 2:17-CV-13, 2020 WL 421188, at *1 (S.D. Tex. Jan. 27, 2020). If the amount of damages is not for a sum certain or cannot be determined by computation, the court must make a determination of damages before entering default judgment. Fed. R. Civ. P. 55(b)(2)(B).

As was also explained the last time, under Southern District of Texas Local Rule 5.5, "Motions for default judgment must be served on the defendant-respondent by certified mail (return receipt requested)."

The instant motion is deficient for many of the same reasons as the first motion was deficient. The motion does not state how

the court should calculate damages, and the damages do not appear to be for a sum certain or to be determinable by computation. The motion has not been served on the defendant-respondents. The motion is therefore **DENIED** without prejudice to refiling.

The court will give Plaintiff one last attempt to file a proper motion for default judgment. The motion shall be refiled within fourteen days. Absent refiling, within fourteen days, the court will assume Plaintiff does not wish to pursue any remaining claims and will recommend dismissal for failure to prosecute.

Signed at Houston, Texas, on March 12, 2025.

_____
Peter Bray
United States Magistrate Judge