# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | | |
|---|---|---|
| CASSANDRA WHITAKER, AS PUTATIVE REPRESENTATIVE OF THE ESTATE OF NASHYRA WHITAKER, *Plaintiff* | § § § § § § § | |
| vs. | § § | CIVIL ACTION NO. 7:23-cv- 339 |
| BIANCA FARMER, ET AL., *Defendants.* | § § § | |

## SECOND AMENDED DEFAULT JUDGMENT AGAINST ADRIANA TREVINO, ALL SQUARE INC., ISSAC V. GARCIA, AND IZK LLC

**COMES NOW**, Plaintiff **CASSANDRA WHITAKER** as **PUTATIVE REPRESENTATIVE FOR THE ESTATE OF NASHYRA WHITAKER** appeared at trial by and through her attorney. Defendants Adriana Trevino, All Square Inc ALL SQUARE AKA GALLERY SOCIAL LOUNGE., Issac V. Garcia, and IZK LLC, although duly and legally cited to appear and answer, failed to appear. The Court determined that it had jurisdiction over the subject matter and the parties to this proceeding. Plaintiff moved for final judgment, and after considering the pleadings and papers on file in this case, the Court grants the motion.

## PROCEDRUAL FACTS

On July 13, 2023, in Hidalgo County, Texas, 430th District Court, as Cause No. C-2788-23-J and styled and numbered Cassandra Whitaker as Putative Representative of the Estate of NASHYRA WHITAKER v. Bianca Farmer, et al, Defendants. On October 4, 2023, The United States of America filed a Notice of Removal to the Southern District of Texas McAllen Division.

Plaintiff served Defendant Adriana Trevino by and through substitution of service on July 16, 2024, and she was required to file a response by August 12, 2024. ***Exhibit 1.*** Defendant Adriana Trevino failed to file a response in Southern District of Texas; however, attempted to respond in Hidalgo County, Texas in the 430th District Court Pro Se. Plaintiff served this motion to the last known address and contact information for Ms. Trevino. ***Exhibit 2***. Defendant Adriana Trevino is not a part of the military. ***Exhibit 3.***

Plaintiff served Defendant Issac V. Garcia by and through substitution of service on July 16, 2024, and he was required to file a response by August 12, 2024. ***Exhibit 4.*** Defendant Garcia has not filed an answer, or any pleading constituting an answer and has not entered any appearance. A copy of this Motion has been sent via First Class and Certified Mail Return Receipt Requested to the last known address of Defendant. ***Exhibit 5.*** Garcia. Defendant Garcia is not a part of the military. ***Exhibit 6.***

Plaintiff served Defendant All Square, Inc, AKA The Gallery AKA Gallery Social Lounge by and through substitution of service on July 25, 2024, and All Square was required to file a response by August 19, 2024. ***Exhibit 7.*** Defendant All Square, Inc, AKA The Gallery AKA Gallery Social Lounge has not filed an answer, or any pleading constituting an answer and has not entered any appearance. A copy of this Motion has been sent via First Class and Certified Mail Return Receipt Requested to the last known address for Defendant All Square Inc. ***Exhibit 8.***

Plaintiff served Defendant IZK, LLC by and through substitution of service on July 24, 2024, and Defendant IZK was required to file a response by August 19, 2024. ***Exhibit 9.*** Defendant IZK LLC has not filed an answer, or any pleading constituting an answer and has not entered any appearance. The Clerks' Entry of Default Judgement was signed by the Court on November 5, 2024. ***Exhibit 10.*** A copy of this Motion has been sent via First Class and Certified Mail Return

Receipt Requested to the last known address for Defendant IZK. Plaintiff also mailed a copy of this Motion to the last known address for Defendant IZK's manager Eloisa M. Gonzalez, owner/director Marco Tulio Zapata, agent Isaac V. Garcia, and manager Milton Garcia Jr., at their respective last known addresses. *Exhibit 11.*

## FACTS

Defendants **ADRIANA TREVINO and ISSAC V. GARCIA** were owners, general partners, and/or members of ownership in some capacity in **THE GALLERY AKA GALLERY SOCIAL LOUNGE. Additionally, ADRIANA TREVINO**, and **ISSAC V. GARCIA** shared ownership with other businesses that were parent or sister companies which consist of **ALL SQUARE INC AKA GALLERY SOCIAL LOUNGE and IZK LLC,** that was open for business in 2021 located at 117 South 17TH Street, McAllen, Texas 78501. Also, Defendant **ALL SQUARE INC AKA GALLERY SOCIAL LOUNGE** had ownership in **"THE GALLERY".** These Defendants contributed to the function and operation of the social lounge in September of 2021.

On or about September 5, 2021, the decedent, Nashyre Whitaker and Defendant Bianca Farmer visited the Gallery Social Lounge located in McAllen, Hidalgo County, Texas. Adrianna Trevino was the holder of liquor license No. **MB1042988** while the liquor license was in the name of "**THE GALLERY**". Plaintiff and Defendant Bianca Farmer were patrons at the Social Gallery Louge establishment, Defendant Bianca Farmer was served alcohol in excess, as provided to her by Defendant Social Gallery Club's staff. On or about 2:00 am on September 5, 2021, Bianca Farmer and Nashyre decided to return to their hotel. Bianca Farmer, driving a rental car, attempted to drive the pair back to their hotel; however, she was extremely impaired and intoxicated. While driving Defendant Bianca Farmer lost control of the vehicle and collided with a light pole. Due to

the initial impact, the vehicle was sent spinning and stopped only after colliding with a second light pole. As a result of the negligence of above Defendants and Bianca Farmer, Nashyre Whitaker was killed from the impact of the collision.

## ARGUMENTS AND AUTHORITIES

### A.  DRAM SHOP CLAIM

Under Texas law, a Dram Shop Claim Act can be filed against a business establishment, such as a bar, club, restaurant, or even a social host, if they served alcohol to a visibly intoxicated person or a minor under the age of 18. And that person subsequently causes injury or harm to another person[1]. In order for a cause of action under the Texas Dram Shop Act to be successful, a plaintiff must prove both of the following elements: (a) The defendant sold, served, or provided alcohol to an individual, and at the time the alcohol was sold, served, or provided to him/her, it was apparent to the defendant that the individual was visibly intoxicated, and (b) the defendant's actions were not grossly negligent or willful. TEX. ALCO. BEV. CODE ANN. § 2.02(b) (Vernon 1995); *Southland Corp. v. Lewis*, 940 S.W.2d 83, 84-85 (Tex. 1997). The test is an objective one. *Fay-Ray Corp. v. Tex. Alco. Bev. Comm'n*, 959 S.W.2d 362, 366 (Tex. App.—Austin 1998, no pet.). Here in this case, Adriana Trevino was the holder of the liquor license, which was used by The Gallery Social Louge AKA All Square Inc, IZK LLC, and Issac V. Garcia. The facts will show that Bianca Farmer visited Gallery Social Lounge and had drinks leading her to become extremely intoxicated. The overserving of alcohol caused her to crash the vehicle she was driving into a utility pole. *See Exhibit 12-14*. As result of the Defendants negligence, Nashyra Whitaker was killed as a result of Bianca Farmer's drunkenness and negligence. Nashyra Whitaker was charged with manslaughter by the Hildalgo County District Attorney for her crimes. *See Exhibit 15.* Plaintiff's complaint has established all claims against the Defendants stated above and she has met the

elements of this claim. Since the Defendants have failed to appear, Plaintiff' allegations should be deemed as admitted against the Defendants Adriana Trevino, All Square Inc., IZK LLC and Issac V. Garcia.

B. **DEFAULT JUDGEMENT**

The United States Court of Appeals for the Fifth Circuit requires a three-step procedure for obtaining a default judgment: (1) default by the defendant; (2) entry of default by the Clerk of the Court; and (3) entry of default judgment by the district court. See *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (defining "the terms regarding defaults"). "A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *Id.*

Even though the Fifth Circuit favors resolving cases on their merits rather than granting default judgments, this preference is "counterbalanced by considerations of social goals, justice, and expediency, a weighing process [that] lies largely within the domain of the trial court's discretion." *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999). In consideration of these competing preferences, the Court takes a two-part approach in determining whether to grant entry of default judgment. *See Nishimatsu Constr. Co. v. Houton Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (requiring a "sufficient basis in the pleadings for the judgment entered"); *see also Lindsey v. Price Corp.*, 161 F.3d 886, 893 (5th Cir. 1998) (stating "relevant factors" in determining whether default judgment is appropriate).

The Court must assess the merits of Plaintiff's claims and find a "sufficient basis in the pleadings for the judgment entered." *Nishimatsu* at 1206. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must "contain a short and plain statement of the claim showing the pleader is entitled to relief." FED R. CIV. P. 8(a)(2). This requirement "give[s] the defendant fair notice of

what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). By defaulting, the defendant is deemed to admit "the plaintiff's well-pleaded allegations of fact" and is not deemed to "admit allegations that are not well-pleaded or to admit conclusions of law." *Nishimatsu* at 1206. The factual allegations, assumed to be true, need only "be enough to raise a right to relief above the speculative level." *Bell Atl. Corp*. at 555. Detailed allegations are not required, but "the pleading must present more than an unadorned, the defendant unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Defendants were served with Original Petition and Lawsuit and failed to respond to lawsuit in Federal Court. [See DKT 44-48]. The Defendants have had every opportunity to respond to the lawsuit; however have failed to do so. At the filing of this Motion, Defendants have had over a year to respond. Plaintiff has filed a well-pleaded Complaint and, if all allegations are taken as true, should be entitled to damages for her Dram Shop, Wrongful Death, and Survival Action claims. Plaintiff is entitled to a final judgment.

## PLAINTIFFS' SWORN DECLARATION

Pursuant to Rule to rule 28 U.S.C. § 1746, Plaintiff requests that the Court review her Sworn Declaration in lieu of live testimony for calculations of damages. **Exhibit 16.** Should the Court find that the Declaration is insufficient, Plaintiff requests that the Court make a determination of the damages from their review of the declaration and/or live testimony by Plaintiff.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Motion for Default is granted and further any relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**PAYNE FIRM, P.C.**

/s/ *Jason Payne*
**Jason Payne**
SBN: 24037251
FBN: 39066
2100 Travis Street, Suite 800
Houston, TX 77002
Telephone: (713) 223-5100
Facsimile: (713) 222-0794

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I, Jason Payne, do hereby certify that on August 25, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

***Via* First Class and CMRRR: 9589071052703197639654**
**Issac V Garcia, Individually, and as Agent of IZK, LLC**
3714 Lula Street
Edinburg, TX, 78539

***Via* First Class and CMRRR: 9589071052703197639678**
**IZK, LLC through Secretary of State;**
1019 Brazos St, Ste 105
Austin, Texas 78701

***Via* First Class and CMRRR: 9589071052703197639685**
**IZK, LLC through Manager, Eloisa M. Gonzalez;**
109 S. 17th Street, Suite A
McAllen, Texas 78501

***Via* First Class and CMRRR: 9589071052703197639685**
**IZK, LLC through Owner/Director, Marco Tulio Zapata;**
109 S. 17th Street, Suite A
McAllen, Texas 78501

***Via* First Class, CMRRR, and Email: 9589071052703197639647**
**Adriana Trevino**
139 Benson Dr.
Brownsville, Texas 78521
adrianatrevino77@yahoo.com

***Via* First Class and CMRRR: 9589071052703197639661**
**All Square, Inc, AKA The Gallery AKA Gallery Social Lounge**
109 S. 17th Street, Suite A
McAllen, Texas 78501