United States District Court
Southern District of Texas

**ENTERED**

February 03, 2026

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | | |
|---|---|---|
| Cassandra Whitaker, | § | |
| as Putative Representative of | § | |
| the Estate of Nashyra Whitaker, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action M-23-339 |
| | § | |
| Bianca Farmer, et al., | § | |
| *Defendants*. | § | |

### MEMORANDUM AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 4. Pending before the court is Plaintiff's Second Amended [Motion for] Default Judgment Against Adriana Trevino, All Square Inc., Issac V. Garcia, and IZK LLC. ECF No. 76. None of the Defendants that are the subject of the instant motion filed a response. The court recommends that the motion be **GRANTED**.

### 1. Background

This case arises from an automobile accident resulting in the death of Nashyra Whitaker (Nashyra). Plaintiff's Second Amended Petition (SAP), ECF No. 1-18 at 5. Plaintiff Cassandra Whitaker (Cassandra), Nashyra's mother, alleges that on September 5, 2021, Nashyra and Defendant Bianca Farmer, both employees of the United States Army, visited the Gallery Social Lounge where Farmer drank alcohol to excess. *Id.* Nashyra and Farmer left the bar in a vehicle at about 2:00 a.m. *Id.* Farmer was driving, with Nashyra as the passenger. *Id.* Farmer lost control of the vehicle and collided with two light poles. *Id.* at 5–6. Nashyra died from the collision. *Id.*

Cassandra sued several entities, many of which have settled or have been dismissed for various reasons. Four Defendants remain in the case, all of which are the subject of the instant motion for default judgment. All Square, Inc. is also known as the Gallery Social Lounge, the business where Farmer consumed the alcohol before the crash. SAP at 2–3. All Square served alcohol to Farmer under Liquor License No. MB1042988. Adriana Trevino and Issac V. Garcia are owners of the Gallery Social Lounge. *Id.* at 5. Trevino was the holder of the liquor license, which was issued in the name of "The Gallery." *Id.* Trevino and Garcia also had an ownership interest in other businesses, including IZK, LLC, that were parent or sister companies of the Gallery Social Lounge. *Id.* The SAP alleges that all four remaining defendants are liable to Plaintiff for damages under the Texas Dram Shop Act, Tex. Alc. Bev. Code § 2.02.

Cassandra alleges that Defendants "not only provided alcoholic beverages to Defendant Bianca Farmer and Plaintiff Nashyra Whitaker, but continued to do so even after Defendant Bianca Farmer was clearly intoxicated enough to endanger herself and those around her." SAP at 9. Cassandra further alleges that Defendant's service of alcohol to Farmer caused the accident and thus the injury and death of Nashyra. *Id.* at 9–10.

On December 17, 2025, the court held a hearing on the motion for default judgment. ECF No. 82. The court heard Cassandra's testimony as to damages, including Nashyra's pain and suffering and mental anguish, her lost opportunity to earn a living, and funeral expenses. Cassandra also testified about her loss of Nashyra's companionship, and Cassandra's own mental anguish. She testified about having a close relationship with Nashyra, about Nashyra's future plans, and about the damage resulting from Nashyra's death. The court fully credits Cassandra's testimony. The court also accepted into evidence

2

numerous exhibits, listed in the court's December 17, 2025 Minute Entry Order. ECF No. 82.

### 2.  *Legal Standard and Analysis*

Judgment by default is a drastic remedy that is disfavored by the courts. *Charlton L. Davis & Co. v. Fedder Data Ctr., Inc.*, 556 F.2d 308, 309 (5th Cir. 1977); *see also Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). When considering a motion for default judgment "against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir. 2001).

The court has subject matter jurisdiction over this case. The case was initially removed to federal court by the United States under 28 U.S.C. § 1346(b)(1). ECF No. 1 at 1. After the United States was dismissed from the case, the court ordered briefing to ensure that the court continued to have subject matter jurisdiction absent the United States as a defendant. ECF No. 23. The parties filed briefs and declarations establishing that the court has jurisdiction. ECF Nos. 26, 27, 37.

Additionally, the court has personal jurisdiction over the Defendants. All Defendants are Texas citizens and the causes of action alleged in this case are based on conduct that occurred in Texas. No Defendant has contested the court's exercise of personal jurisdiction.

Once the court is satisfied it has jurisdiction over the subject matter and the parties, the court must determine: (1) if a default judgment is procedurally appropriate; (2) if the plaintiff has presented a colorable claim; and (3) how to calculate damages or equitable relief. *Vela v. M&G USA Corp.*, No. 17-13, 2020 WL 421188, at *1 (S.D. Tex. Jan. 27, 2020).

### *A. Default Judgment is Procedurally Appropriate*

To determine whether a motion for default judgment is procedurally appropriate, the court must consider relevant factors, including:

> whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893.

Here, the grounds for default are clearly established. The court authorized alternate service of process on all Defendants and Plaintiff has shown proof of service on all Defendants. ECF Nos. 29, 30, 31, 32, 44, 45 46, 47, 48. None of the Defendants have answered or defended this action. No Defendant has taken any action in this case. Accordingly, the Clerk of Court has already entered default against all Defendants. ECF No. 56. No Defendant has moved to vacate the entry of Default. The instant motion for default judgment was served by mail to all Defendants. ECF No. 76 at 8.

There is no evidence that there is an issue of material fact. There is no evidence that the Defendants' default was caused by good faith mistake or excusable neglect. And there is no evidence that entering a default judgment would substantially prejudice Defendants. Denial of the instant motion, on the other hand, would deprive Cassandra of her ability to recover damages against Defendants. She has diligently pursued this cause of action.

Though Defendants were properly served in accordance with the court's order for alternative service, they appear to have ignored this lawsuit entirely. In these circumstances, default

4

judgment is not unduly harsh. The court sees no reason that it would later be obliged to set aside the default.

All six *Lindsey* factors weigh in favor of finding that default judgment is procedurally appropriate. Accordingly, the court turns to the question of whether Cassandra has presented a colorable claim.

### B. Plaintiff has Stated a Colorable Claim

An entry of default judgment "must be supported by well-pleaded allegations and must have a sufficient basis in the pleadings." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (internal quotations omitted). Well-pleaded factual allegations are assumed to be true, except regarding damages. *United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987).

A cause of action under the Texas Dram Shop Act requires a plaintiff to prove that defendant provided an alcoholic beverage, that at the time the provision occurred it was apparent to the provider that the person being served was obviously intoxicated to the extent that he presented a clear danger to himself and others, and that the intoxication of the recipient was a proximate cause of the damages suffered. Tex. Alc. Bev. Code § 2.02. As discussed above, Cassandra's well-pleaded factual allegations present a colorable claim for damages under the Dram Shop Act.

### C. Calculation of Damages

After the court determines that default judgment is both procedurally appropriate and that plaintiff has presented a colorable claim, the court must determine whether plaintiff is entitled to damages in the form of compensation or equitable relief. *Vela*, 2020 WL 421188, at *1. The court notes that it is appropriate for a magistrate judge to hold a hearing to determine the amount of damages in the context of a motion for default judgment. The

district judge must then review the magistrate judge's findings de novo and enter the final judgment. *See Callier v. Gray*, 167 F.3d 977, 981–83 (6th Cir. 1999) (construing 28 U.S.C. § 636(b)(3) to permit referral of damages determinations in default-judgment situations as a matter "bearing a particular relationship to the other § 636 specified duties of the magistrate judge"); *see also Conetta v. Nat'l Hair Care Ctrs.*, Inc., 236 F.3d 67, 73 (1st Cir. 2001) (agreeing with *Collier* that an MJ can prepare "a recommended decision as to the amount of damages" for the district judge to adopt or reject).

Cassandra brings a survival cause of action as the representative of Nashyra's estate under Tex. Civ. Prac. & Rem. Code § 71.021. Under the statute, the suit may be brought by the representative and prosecuted on behalf of the decedent for all damages suffered by the decedent before her death. *Russell v. Ingersoll-Rand Co.*, 841 S.W.2d 343, 347 (Tex. 1992). Cassandra also brings a wrongful death cause of action under Tex. Civ. Prac. & Rem. Code § 71.004.

Plaintiff seeks recovery of these categories of damages:

- **$200,000.00 for past pain, suffering, and mental anguish**

Plaintiff presented evidence that Nashyra suffered grievous injuries in the accident. She was alive for hours between the accident and her passing. The court concludes that the catastrophic nature of the injuries resulted in extreme pain, fear, anguish, discomfort, and suffering. The amount sought is conservative and should be awarded.

- **$365,579.92 for future economic loss**.

Plaintiff has presented evidence that Nashyra's death caused her to lose her future earning capacity. At the time of her death, Nashyra was earning $3,340.83 per month in the National Guard. She had approximately two years left on her contract. Her

lost wages from the government are $80,179.92. Plaintiff was also entitled to use her military benefits for pay for esthetician school, which would have been worth approximately $15,000. After receiving her education, she would have worked for at least ten years making at least $27,040.00 per year.

Cassandra is entitled to at least $365,579.92 in future economic loss. Again, this is a conservative estimate.

- **Past and Future Mental Anguish and Loss of Companionship**

Cassandra testified at length about her past and future mental anguish. It is clear that Cassandra and Nashyra were very close. They spoke daily and expected to remain close for the rest of Nashyra's life. The sudden and painful manner of Nashyra's death had a clear and devastating impact on Cassandra. Plaintiff seeks **$525,000.00** for past mental anguish and loss of companionship and **$525,000.00** for future mental anguish and loss of companionship. Based on the court's evaluation of all the evidence in this case, these requests are reasonable and warranted.

- **Funeral Expenses**

Plaintiff also proved that she paid **$4,276.89** for funeral expenses she incurred, which should be awarded.

### 3. Conclusion

For the foregoing reasons, the court recommends that Plaintiff's Second Amended Motion for Default Judgment be **GRANTED**. Plaintiff should be awarded $1,619,856.70 in damages.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on February 3, 2026.

_____

Peter Bray

United States Magistrate Judge